REHDER, Appellant, v. HANSEN, et al., Respondents.

(184 N. W. 241.)

(File No. 4750.   Opinion filed September 2, 1921.)

1. **Personal Injuries—Automobile Racers, Injury From, Whether Right-side Racer "Cut In," Causing Competitor to Enter**

Rough Ground—Excessive Speed, As Contributory Negli- · gence—Burden of Proof—Instructions Sustained.

Where the Ford in which plaintiff was being driven was racing on the left hand roadway against an Elgin competing racer in the right hand roadway in a highway, jury having found that the Ford car was being driven in excess of 25 miles per hour in which speed plaintiff acquiesced, and that the Elgin car which passed it was traveling at 40 miles per hour, plaintiff claiming that the Elgin car "cut in" in front of the Ford car in such a way as to compel latter to turn out of the track upon rough ground to avoid collision where it was overturned, resulting in the accident, and having found the Elgin was over 100 feet ahead of the Ford when the accident occurred, jury being instructed that if the evidence showed that the Ford was being driven in excess of 25 miles per hour in which speed plaintiff acquiesced, and that fast driving caused the accident, or if it showed that plaintiff car turned over some distance after the Elgin car had passed and that the passing of the latter did not contribute to the accident, plaintiff cannot recover, even though the Elgin car was running at more than 25 miles per hour, but if they find that plaintiff was without fault contributing to the Ford car's turning over and that the accident was due to driver of that car turning to left in order to save them from the other car's cutting into them on the right at more than 25 miles per hour, plaintiff could recover; held, the instructions properly placed upon plaintiff burden of proving allegations of complaint, and, jury having found he had not sustained this burden, such finding is conclusive; that while verdict does not acquit defendants of negligence, it found the accident resulted from negligence of Ford driver and that of defendants.

2. Trials—Directing Verdict—Withdrawal of Case Re Co-defendant "For the Present," Verdict for the Other Defendant, Subsequent Directed Verdict for Co-defendant, Practice Discountenanced, Non-prejudicial Error.

Wherein, in an action for damages for personal injuries from alleged negligence of defendants, trial court, on motion of co-defendant for directed verdict, withdrew from jury consideration of the case as to said defendant, "for the present," then submitted case of the other defendant to jury, verdict being in the latter's favor, whereupon verdict was directed in favor of the co-defendant (owner of the auto car whose reckless driving by the co-defendant was the alleged cause of the injury), thus submitting case to jury piece-meal; held, such practice is discountenanced, trial court's duty being to direct verdict in favor of the co-defendant if in its opinion there was no evidence against him, without waiting to see what jury would do con-

cerning the other defendant, but plaintiff-appellant was not prejudiced by the course followed, in view of findings of jury.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by Henry Rehder, against Theodore Hansen and Harold Hansen, to recover damages for injuries alleged to have resulted from defendants' negligence in "cutting in" with an automobile ahead of a car in which plaintiff was riding. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Caster & Cassidy,* and *A. B. Beck,* for Appellants.

*F. B. Morgan,* and *C. M. Stillwil,* for Respondents.

(1) To point one of the opinion, re burden of proof, Appellant cited: Sanders v. Reister, (S. D.) 46 N. W. 680; Smith v. C., M. & St. P. Ry. Co. 4 S. D. 71, 55 N. W. 717.

Respondents cited: R. R. Co. v. Gladmon, 15 Wall. 401; Hough v. R. R. Co. 100 U. S. 213.

(2) To point two, Appellant cited: Capital Traction Co. v. Vawter, Ann. Cas. 1912D (App. Cas. D. C.) 1059.

Respondents cited: Southern Ry. Co. v. Harbin (Ga.) 63 S. E. 1103, 30 L. R. A. (N. S.) 404; Arnett v. Ill. Cent. R. Co. (Ia.) 176 N. W. 322.

POLLEY, P. J. Plaintiff was injured in an automobile wreck on a public highway in Charles Mix county. He claims that the wreck was caused by the negligence of the defendants, and brings this action to recover damages for the injuries he sustained. The defendants denied that there was negligence on their part, and alleged that the wreck was caused by the negligence of the driver of the wrecked car.

The plaintiff was riding in a Ford roadster, which was owned and was being driven by James Buus. The defendant, Harold Hansen, was driving an "Elgin Six" that was owned by his father, Theodore Hansen, who is the other defendant, but who was not in the car at the time of the accident. Boh cars were going in the same direction, with the Ford car ahead. The road at that particular place appears to have been practically level and fairly smooth, and there were two roadways, or tracks, some 8 to 10 feet apart and about parallel for some distance, then converging into a single track. The Ford car was on the left-hand track,

while the Elgin was on the right-hand track. The Elgin was trying to pass the Ford; the Ford was trying to keep ahead. Both cars seem to have been running to about the limit of their speed, and that both cars were running at a dangerously careless speed is clear beyond any question. The Elgin car gained on the Ford and finally passed it, at about the point where the two roadways joined. It appears that the ground along the left-hand side of the roadways was rough, or rutty, though it is not claimed that it was so rough as to be dangerous for a car passing over it at a reasonable speed. The occupants of the Ford car testified that as the Elgin car passed the Ford it turned to the left into the roadway in front of the Ford car, or "cut in," as the witnesses stated, so that in order to avoid a collision the Ford car was compelled to turn out of the roadway to the left, and the instant the wheels encountered the rough ground the car turned over, and its occupants, including the plaintiff, were seriously injured. The occupants of the Elgin car denied that their car "cut in" in front of the Ford car, or crowded it out of the track, and testified that there was no time when there was less than two feet of clear space between the cars, and that they had passed the Ford and were in the road ahead of it before the Ford car turned over. The defendant Harold Hansen, who was driving the Elgin was only 16 years old, and it is alleged in the complaint that he was careless, negligent, and incompetent to operate the said Elgin car, and that defendant, Theodore Hansen, was guilty of actionable negligence in permitting him to operate it.

At the close of the testimony, the court, without directing a verdict for the defendant Theodore Hansen, withdrew the case, so far as the said defendant was concerned, from the consideration of the jury.

In reply to certain special interrogatories, the jury found that at the time of the accident the Ford car was being driven in excess of 25 miles per hour, and that plaintiff acquiesced in such rate of speed. They found that the Elgin car was being driven at 40 miles an hour, and at the time of the accident it was 1331/3 feet from the Ford, and that the cause of the accident was contributory negligence. The jury returned a general verdict in favor of the defendant Harold Hansen, and the court then directed a verdict in favor of the other defendant. No judgment has yet

been entered, but from an order denying his motion for new trial plaintiff appeals.

[1]   Appellant's assignments of error present various serious propositions of law that are argued in his briefs, but in our view a consideration of said matters is not necessary to a determination of the case. Under the allegations of the complaint and the evidence as it appears from the record, appellant's right to recover depends upon the answer to the single question, Did the Elgin "cut in" in front of the Ford in such a way as to compel the Ford to turn out of the track to avoid a collision? Upon this question the evidence is conflicting, and the court instructed the jury as follows:

"If you find from the evidence that the Ford or Buus car was being driven in excess of 25 miles an hour, and that plaintiff, Rehder, concurred or ascquiesced, express or implied, in its being so driven, and that fast driving was the cause of the accident, the plaintiff cannot legally recover, for the law does not sanction such driving.

"Or if you should find that the Buus car turned over some distance after the Elgin car had passed, and that the passing of the Elgin car in no way contributed to the accident, or the Ford car's being turned over, the plaintiff cannot recover even though you should find Harold passed the Buus car on the right side or was running at a rate of speed in excess of 25 miles an hour.

"But, on the other hand, if you find by a preponderance of evidence, that the facts are as contended by the plaintiff Rehder, that he was without fault contributing to the Ford car's turning over, and that the accident was due to the 'driver of the Ford car turning to the left in order to save them from Harold's cutting into them on the right, at a rate of speed in excess of 25 miles per hour, plaintiff would be entitled to recover."

These instructions properly placed upon the plaintiff the burden of proving the allegations of the complaint, and the jury found that he had not sustained this burden, and this finding is conclusive upon the court. The verdict does not acquit the defendants of negligence, but it does find that the accident resulted from the negligence of the driver of the Ford car and not the negligence of the defendants. At the trial, a witness, who arrived at the scene of the accident immediately after its occur-

rence, testified that when the plaintiff was being removed from the wreck he said that, "This is our own damn foolishness." Plaintiff denied having made such remark, but whether he made it or not, it clearly describes the situation, and applies with equal force to all of the occupants of both cars.

[2]  One assignment is grounded upon the manner in which the trial court submitted the case to the jury. At the close of all the testimony the defendant Theodore Hansen moved for a directed verdict, on the ground that there was no evidence tending to prove that he had been guilty of any negligence. In reply to this motion the court addressed the jury as follows:

"Gentlemen of the jury, the case so far as relates to the father, Theodore Hansen, will be withdrawn from your consideration for the present."

The case was then submitted to the jury as to the other defendant. After the verdict in favor of Harold Hansen had been returned, the court directed a verdict in favor of the other defendant. This submitted the case to the jury piecemeal, and should not be countenanced. If the court was of the opinion that there was no evidence against the defendant Theodore Hansen, it was the duty of the court as a matter of law to direct a verdict in his favor, without waiting to see what the jury would do in regard to the other defendant, but in this case the appellant was not prejudiced by the course followed by the court, because, under the findings of the jury in reply to the special interrogatories, the plaintiff was not entitled to recover against either of the defendants.

The judgment and order appealed from are affirmed.